EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

María Otilia Lassalle Pérez | Queja

2001 TSPR 25 |

Número del Caso: AB-2000-17
                 AB-2000-174


Fecha: 16/febrero/2001


Oficina del Procurador General:

                        Lcda. María A. Hernández Martín
                        Procuradora General Auxiliar

                        Lcda. Cynthia Iglesias Quiñones
                        Procuradora General Auxiliar

Abogado de la Parte Querellada:

                        Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 28 de febrero de 2001, fecha en que se
        le notificó a la abogada el Per Curiam y Sentencia)

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María Otilia Lassalle Pérez

AB-2000-17
AB-2000-174

PER CURIAM

San Juan, Puerto Rico, a 16 de febrero de 2001

En instancias separadas, la Sra. Nilda Cruz del Valle y la Sra. Sandra Aragonés Calvo presentaron quejas contra la Lcda. María Otilia Lassalle Pérez. En vista que ambas quejas son en contra de la misma abogada y que reflejan el mismo patrón de conducta de falta de diligencia y responsabilidad por parte de ésta, consolidamos ambas quejas.

I

El 7 de febrero de 2000 la Sra. Nilda Cruz del Valle presentó una queja contra la Lcda. María O.

Lasalle Pérez relacionada con el caso <u>Nilda Cruz</u> v. <u>Plaza de Diego Mall y otros</u>, Civil Núm. KDP92-0111 (802) sobre daños y perjuicios. La licenciada Lasalle Pérez representó a la quejosa en dicho caso.

El 30 de mayo del 2000 el Procurador General nos presentó un Informe Preliminar sobre dicha queja. Nos informó que la Lcda. Lasalle Pérez intervino en el pleito luego de que éste había sido desestimado conforme lo dispuesto en la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 39.2(b). Oportunamente presentó una moción de reconsideración. Sin embargo, a pesar de que el foro de instancia no la consideró en tiempo para interrumpir el término para recurrir ante el Tribunal de Circuito de Apelaciones, (en adelante Tribunal de Circuito) esperó hasta que ésta fuese denegada antes de presentar escrito de apelación ante el foro apelativo. Así las cosas, el Tribunal de Circuito emitió sentencia desestimando el recurso por haberse presentado fuera del término jurisdiccional prescrito por ley. A pesar de esto, la querellada le indicó al Procurador General que como resultado de negociaciones con la Compañía de Seguros, ésta hizo una oferta de transacción, primero de diez mil dólares ($10,000.00), la cual no fue aceptada por la quejosa, y luego otra en noviembre del 1999 por quince mil dólares ($15,000.00), la cual fue aceptada. No obstante los múltiples esfuerzos realizados por la quejosa, ésta no ha logrado obtener el dinero de la supuesta transacción, razón por la cual presentó la presente queja.

Infructuosos también fueron los múltiples esfuerzos del Procurador General para lograr que la querellada compareciera y le sometiera la información que necesitaba para completar la investigación de la queja. En su Informe Preliminar el Procurador General solicitó tomásemos conocimiento de lo expuesto en dicho Informe y le ordenásemos a la querellada contestar sus requerimientos.

El 7 de junio de 2000 emitimos una resolución dándole término a la licenciada Lasalle Pérez para contestar los requerimientos de la Oficina del Procurador General. Le apercibimos que el incumplimiento con esta resolución podría conllevar la suspensión del ejercicio de la profesión.

Luego de habérsele concedido una solicitud de prórroga y ante el incumplimiento de la querellada con nuestra Resolución, el 13 de julio de 2000, el Procurador General nos solicitó nuevamente que le ordenásemos a la licenciada Lasalle Pérez suministrarle la información que se había comprometido a enviar. El 18 de julio de 2000 volvimos a darle

término para cumplir y a apercibirle que su incumplimiento podría acarrear severas sanciones.

Así las cosas, el 31 de agosto de 2000, el Procurador General compareció nuevamente y nos informó que la querellada aún no había cumplido y solicitó le impusiésemos sanciones disciplinarias. El 6 de septiembre le concedimos término a la licenciada Lasalle Pérez para que se expresara sobre el Informe del Procurador General. El 2 de octubre ésta compareció, ofreció sus excusas e informó que no había podido cumplir "por motivo de un deterioro de salud física, y porque además el cumplimiento envuelve la intervención de otras personas". Solicitó término adicional para cumplir.

El 3 de noviembre emitimos la siguiente resolución:

Visto el Informe del Procurador General y la Objeción a Informe de la Lcda. María Otilia Lassalle, los que reflejan las múltiples ocasiones en que la licenciada Lassalle ha desatendido los requerimientos tanto del Procurador General como de este Tribunal, se le concede a la licenciada Lassalle el término de diez (10) días, contados a partir de la notificación de esta resolución para comparecer ante el Procurador General y se le apercibe que ésta es su última oportunidad, y que de no cumplir, se le suspenderá del ejercicio de la profesión de abogado. No constituirá excusa el que esté tratando de llevar a cabo "una estipulación para el pago de la reclamación de la querellante.

A pesar de lo expresado en esta Resolución, la licenciada Lasalle Pérez no cumplió y aún así el 28 de diciembre le concedimos cinco (5) días más para cumplir.


II


La segunda queja la presentó la Sra. Sandra Aragonés Calvo por alegada conducta antiética por parte de la querellada. La quejosa le ha requerido varias veces copia de una escritura inscrita de compraventa autorizada por la querellada.

El Procurador General le ha notificado en dos ocasiones la queja a la licenciada Lassalle Pérez, pero ésta no ha contestado los requerimientos. Sin la comparecencia por escrito de la querellada, el Procurador General no puede efectuar la investigación pertinente.

El 21 de diciembre de 2000 emitimos una Resolución concediéndole a la Lcda. Lassalle Pérez un término de veinte (20) días desde la notificación de la Resolución para contestar los requerimientos del Procurador General. En

aquella ocasión, le apercibimos a la licenciada que el incumplimiento con la Resolución podría conllevar medidas disciplinarias severas. La notificación de la antes mencionada Resolución tiene fecha de 27 de diciembre de 2000, por lo que ya venció el término concedido a la querellada.

Esta reciente queja contra la querellada demuestra, una vez más, un patrón intolerable de conducta.

III

Reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos tanto de este Tribunal como de la Oficina del Procurador General. También hemos recalcado la importancia de cooperar en la investigación de asuntos disciplinarios y que su desatención podría conllevar severas sanciones. In re: Rodríguez Servera, P.C. de 10 de noviembre de 1999, 2000 JTS 2; In re: Negrón Negrón, P.C. de 30 octubre 1998, 99 JTS 38; In re: Guemárez Santiago, P.C. de 30 junio 1998, 98 JTS 102, In re: Pérez Rodríguez, 115 DPR 810 (1984); In re: Díaz García, 104 DPR 171(1975). En In re: Rodríguez Servera, *supra*, págs. 440–441, expresamos:

> [H]emos sido enérgeticos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re: Nicot Santana, res. el 24 de enero de 1992, 130 D.P.R. 210 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. In re: Sepúlveda Negroni, res. el 25 de octubre de 1996, 141 D.P.R. (1996) J.T.S. 140; In re: Melecio Morales, res. el 13 de febrero de 1998, 98 J.T.S. 11.

> Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias, In re: Madera Acosta, res. el 19 de diciembre de 1997, 144 D.P.R. ___ (1997), 97 J.T.S. 14; In re: Negrón Negrón, *supra*. La desatención y el craso incumplimiento de la licenciada Rodríguez Servera con la Orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria.

Del expediente de la Lcda. Lasalle Pérez surge con meridiana claridad un patrón de incumplimiento tanto a los requerimientos del Procurador General como a los de este Tribunal. También refleja las múltiples ocasiones en que le hemos dado la oportunidad de cumplir y los claros apercibimientos de las consecuencias que su incumplimiento conllevará. Se le advirtió que sería suspendida de la profesión y que no constituiría "excusa el que está tratando de llevar a cabo una estipulación para el pago de la reclamación de la querellante."

IV

Por todo lo antes expuesto se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Otilia Lasalle Pérez.[1]

El Tribunal, además, le impone a la Lcda. Lassalle Pérez el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento con estos deberes, notificando también al Procurador General. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del protocolo notarial de la querellada, quien hasta la fecha de esta Per Curiam estaba activa en el ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará la correspondiente sentencia.

---

[1] Cabe señalar que ésta no es la primera ocasión que se disciplina a la Lcda. Otilia Lasalle Pérez. Ésta fue separada indefinidamente de la práctica de la abogacía mediante Per Curiam el 25 de enero de 1984 y reinstalada el 2 de febrero de 1984. En esa ocasión determinamos que había violado el Canon 18 de Ética Profesional al no defender diligentemente los intereses de sus clientes. El 11 de junio de 1993, mediante resolución, la volvimos a suspender hasta que cumpliera con una resolución nuestra. El 13 de agosto de 1993, luego de haber cumplido, la reinstalamos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

AB-2000-17

María Otilia Lassalle Pérez          AB-2000-174

SENTENCIA

San Juan, Puerto Rico, a 16 de febrero de 2001

Por todo lo expuesto en la Per Curiam que antecede, la cual es parte integral de la presente, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. María Otilia Lassalle Pérez.

El Tribunal, además, le impone a la licenciada Lassalle Pérez el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento con estos deberes, notificando también al Procurador General. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del protocolo notarial de la querellada, quien hasta la

fecha de esta Sentencia estaba activa en el ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez está inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo