EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>    María M. Sanabria Ortiz | Queja<br><br>2002 TSPR 35<br><br>156 DPR _____ |
|---|---|

Número del Caso: AB-2001-19


Fecha: 13/diciembre/2001
       15/marzo/2002


Oficina del Procurador General:
                              Lcda. Yvonne Casanova Pelosi
                              Procuradora General Auxiliar


Abogada de la Parte Querellada:
                              Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión de esta abogada advino final y firme el
         día 15 de marzo de 2002)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

María M. Sanabria Ortíz                    AB-2001-19

RESOLUCION

San Juan, Puerto Rico, a 15 de marzo de 2002.

Vista la comparecencia de la Oficina del Alguacil de este Tribunal, fechada el 28 de febrero de 2002, en la cual se hace constar el diligenciamiento negativo de la notificación de la Opinión Per Curiam emitida por este Tribunal el 13 de diciembre de 2001 en el caso de epígrafe, se ordena a la Secretaria Interina de este Tribunal que publique la referida Opinión y esta Resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rebollo López no intervino.

Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María M. Sanabria Ortiz            AB-2001-19

PER CURIAM

San Juan, Puerto Rico a 13 de diciembre de 2001.

I

El 17 de octubre de 2001, la Sra. Providencia Sánchez Rivera (en adelante "la quejosa"), presentó una queja ante el Procurador General (en adelante "el Procurador"), en contra de María M. Sanabria Ortiz (en adelante "la querellada"). Arguye la quejosa que contrató los servicios

profesionales de la querellada para que presentara una acción judicial sobre un pagaré extraviado. Además, alegó que luego de haberle adelantado la cantidad de $400.00, ha intentado localizarla en varias ocasiones sin éxito alguno.

Mediante misiva de 19 de octubre de 2000, remitida a la dirección de la querellada en la Urbanización Encantada en Trujillo Alto, el Procurador notificó a ésta respecto a la queja presentada y expuso las alegaciones en su contra. Además, le concedió un término de diez (10) días para que reaccionara a las alegaciones en su contra y ofreciera su versión de los hechos. La notificación fue devuelta por el Servicio de Correos por no haber sido reclamada por la destinataria.

El 18 de diciembre de 2000, el Procurador remitió a la querellada una segunda notificación, específicamente a los Apartamentos Montecillo de la Urbanización Encantada. Nuevamente, el sobre fue devuelto por no haber sido reclamado.

Ante los fallidos intentos para notificar a la querellada de la queja en su contra, el 17 de enero de 2001, el Procurador le remitió dos comunicaciones adicionales. Esta vez, las comunicaciones fueron remitidas a direcciones de la querellada en la Calle Hatillo en San Juan y a la Calle Caney de la Urbanización Caguax en Trujillo Alto.[1] Sin embargo, las gestiones realizadas por el Procurador resultaron infructuosas.

Así las cosas, mediante informe de 2 de febrero de 2001, el Procurador nos expresó lo anteriormente expuesto, así como sus gestiones fallidas para comunicarse con la querellada. Además, solicitó que le ordenáramos a la querellada que cumpliera con sus requerimientos. Mediante Resolución de 21 de febrero de 2001, accedimos a lo solicitado y le concedimos a la querellada un término de quince (15) días para responder a los requerimientos del Procurador. Le apercibimos que el incumplimiento con dicha Resolución podría conllevar sanciones disciplinarias severas. Además, ordenamos la notificación personal de la Resolución a la querellada.

---

[1] Cabe indicar que esta es la única dirección que obra en el expediente personal de la querellada en este Tribunal.

Conforme a lo ordenado, el 1 de marzo de 2001, el Alguacil Auxiliar de este Tribunal notificó personalmente a la querellada. Asimismo, la Secretaria de este Tribunal le notificó copia de la Resolución emitida mediante correo certificado a la Calle Caney de la Urbanización Caguax en Trujillo Alto. Dicha comunicación fue devuelta por no haber sido reclamada.

Mediante moción de 27 de agosto de 2001 comparece nuevamente el Procurador, e informa que la querellada ha incumplido con la orden emitida por este Tribunal. Nos solicita que impongamos a la querellada las medidas disciplinarias correspondientes.

II

Una vez más debemos expresarnos respecto al deber de todo abogado de notificar cualquier cambio de dirección a este Tribunal. "Todo (a) abogado (a) tendrá la obligación de notificar al (a la) Secretario (a) cualquier cambio de dirección postal o física." R. TSPR 9(j), 4 L.P.R.A. ap. XXI-A.[2] La naturaleza de la profesión de la abogacía y la confianza pública depositada en aquellos que la ejercen, requieren que los abogados y abogadas cumplan con el deber mínimo de informar cualquier cambio de dirección para que así podamos desempeñar eficientemente nuestra obligación de velar porque los abogados cumplan fielmente con sus compromisos profesionales. *In re: Figueroa Carrasquillo*, res. el 9 de enero de 2001, 153 D.P.R. __, 2001 TSPR 11, 2001 JTS 11. Anteriormente hemos expresado que la omisión del abogado por mantener informado al Tribunal respecto a su dirección, obstaculiza sustancialmente una adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria en casos de quejas presentadas por los ciudadanos. *Íd.*[3] "El incumplimiento de esta obligación de notificar un cambio de

---

[2] Véase, *In re: Figueroa Carrasquillo*, res. el 9 de enero de 2001, 153 D.P.R. __, 2001 TSPR 11, 2001 JTS 11; *In re: Ballester Morales*, res. el 12 de marzo de 1999, 147 D.P.R. __, 1999 TSPR 39, 99 JTS 53.

dirección es suficiente para decretar la separación indefinida de la abogacía." *Íd.*

Luego de evaluar el expediente de la querellada surge que ésta ha cambiado de dirección y no ha cumplido con su deber de informar dicho cambio a la Secretaría de este Tribunal. Es deber ineludible de la querellada informar al Secretario o Secretaria de este Tribunal las direcciones físicas y postales de su residencia y estudio legal. El incumplir con dicho requerimiento demuestra desidia e indiferencia en el ejercicio de la profesión. La conducta desplegada por la querellada es suficiente para separarla indefinidamente de la abogacía.

### III

En innumerables ocasiones hemos señalado que resulta intolerable la incomprensible y obstinada negativa de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, tanto de este Tribunal como de la Oficina del Procurador General. *In re: Lassalle Pérez*, res. el 16 de febrero de 2001, 153 D.P.R. __, 2001 TSPR 25, 2001 JTS 28; *In re: Rodríguez Servera*, res. el 10 de noviembre de 1999, 149 D.P.R. __, 1999 TSPR 192, 2000 JTS 2. La indiferencia de un abogado en responder tanto a las órdenes de este Tribunal como a los requerimientos de la Oficina del Procurador General acarrea severas sanciones disciplinarias. *Íd.* Además, hemos recalcado que es obligación de todo abogado cooperar en la investigación y tramitación de asuntos disciplinarios en su contra y que su desatención puede resultar en severas sanciones. *In re: Rodríguez Servera*, *supra*; *In re: Negrón Negrón*, res. el 30 de octubre de 1998, 147 D.P.R. __, 1998 TSPR 145, 99 JTS 38; *In re: Guemárez Santiago*, res. el 30 de junio de 1998, 146 D.P.R. __, 1998 TSPR 102, 98 JTS 102; *In re: Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re: Díaz García*, 104 D.P.R. 171 (1975).

---

[3] Véase además, *In re: Rivera D'Ambrosse*, 142 D.P.R. Ap. (1997), (97 JTS 87).

"La desatención y craso incumplimiento de la [querellada] con la Orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros.  Ello acarrea el ejercicio de nuestra facultad disciplinaria."  *In re: Rodríguez Servera*, *supra*.

Del expediente surge que la querellada incumplió con nuestra Resolución de 21 de febrero de 2001, que le fue notificada personalmente el 1 de marzo de 2001, en la que le concedimos quince días para responder a los requerimientos del Procurador. Además, allí le apercibimos de manera clara las consecuencias de no cumplir con dicha resolución.

IV

Por todo lo antes expuesto, se suspende inmediata e indefinidamente del ejercicio de la abogacía a María M. Sanabria Ortiz.

El Tribunal, además, le impone a María M. Sanabria Ortiz el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados.  También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con estos deberes, notificando también al Procurador General.  Dentro del mencionado término, deberá también informar a la Secretaria del Tribunal Supremo las direcciones físicas y postales de su residencia y oficina en que rinde sus servicios profesionales.  De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del protocolo notarial de la querellada, quien hasta la fecha de esta *Per Curiam*

estaba activa en el ejercicio de la notaría.  El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re

María M. Sanabria Ortiz          AB-2001-19


SENTENCIA


San Juan, Puerto Rico a 13 de diciembre de 2001.


A tenor de la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, ordenamos la suspensión inmediata e indefinidamente del ejercicio de la abogacía a María M. Sanabria Ortiz.

El Tribunal, además, le impone a María M. Sanabria Ortiz el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

La querellada deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Dentro del mencionado término, deberá también informar a la Secretaria del

Tribunal Supremo las direcciones físicas y postales de su residencia y oficina en que rinde sus servicios profesionales. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Tribunal Supremo las direcciones físicas y postales de su residencia y oficina en que rinde sus servicios profesionales. De incumplir con esta orden, la querellada podría encontrarse incursa en desacato.

Se ordena, además, la incautación inmediata del protocolo notarial de la querellada, quien hasta la fecha estaba activa en el ejercicio de la notaría. El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo