EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    María del C. López Castro | Queja<br><br>2003 TSPR 85<br><br>159 DPR _____ |

Número del Caso: AB-2002-261


Fecha: 14/mayo/2003


Oficina del Procurador General:
                        Lcda. Rosana Márquez Valencia
                        Procuradora General Auxiliar

Abogada de la Parte Querellada:
                        Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 16 de mayo de 2003,
        fecha en que se le notificó a la abogada de su suspensión
        inmediata.)

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correcciones del proceso
    de compilación y publicación oficial de las decisiones del
    Tribunal. Su distribución electrónica se hace como un servicio
    público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María del C. López Castro

AB-2002-261

PER CURIAM

San Juan, Puerto Rico, a 14 de mayo de 2003

La Sra. Leida Varona visitó la Oficina del Procurador General el 12 de junio de 2002. Allí informó que había contratado a la Lcda. María del Carmen López Castro para que la representara en un litigio ante la Sala Superior de San Juan del Tribunal de Primera Instancia, habiendo perdido todo contacto o comunicación con la referida abogada desde el mes de octubre de 2001. Informó, además, que su único interés era conseguir el expediente de su caso, en poder de la Lcda. López Castro, y que ésta renunciara como su abogada, para así poder contratar a otro abogado.

El Procurador General de Puerto Rico intentó comunicarse con la Lcda. López Castro en dos ocasiones. No tuvo éxito. En vista de ello compareció, por primera vez, ante este Tribunal, mediante escrito de fecha 10 de septiembre de 2002, en solicitud de que le ordenáramos a la Lcda. López Castro que compareciera a su Oficina. Así lo hicimos mediante Resolución de fecha 24 de octubre de 2002. Le ordenamos, además, en dicha Resolución a la referida abogada que compareciera ante el Tribunal a mostrar causa por la cual no debía ser disciplinada por no haber contestado los requerimientos del Procurador General, apercibiéndole de que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias, "incluyendo la suspensión del ejercicio de la abogacía". Dicha Resolución le fue notificada personalmente a la Lcda. López Castro.

La abogada se comunicó, por carta, con la Oficina del Procurador General comprometiéndose a entregarle el expediente del caso a la Sra. Leida Varona. No lo hizo. Como consecuencia de ello, el Procurador compareció, nuevamente, ante el Tribunal para así informarlo. El 7 de enero de 2003 emitimos una nueva Resolución, similar a la que emitiéramos el 24 de octubre de 2002. La misma, igualmente, le fue notificada personalmente a la Lcda. López Castro. Ahí comenzó un proceso de cumplimientos parciales, e incumplimientos, de la Lcda. López Castro con

la Oficina del Procurador General, los cuales son muy extensos para relatar.

Debe enfatizarse el hecho que al día de hoy --y según surge de una moción, de fecha 26 de febrero de 2003, del Procurador General intitulada "moción informativa sobre ulteriores incumplimientos de la Lcda. María del C. López Castro con requerimientos de la Oficina del Procurador General-- la Lcda. López Castro, en resumen, todavía no ha entregado el expediente del caso a la Sra. Varona Matos como tampoco la referida abogada ha comparecido ante el Tribunal en cumplimiento de las dos órdenes emitidas para mostrar causa.[1]

I

Resulta obvio que a la Lcda. María del Carmen López Castro no le interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

En innumerables ocasiones hemos señalado que "...resulta intolerable la incomprensible y obstinada negativa de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, tanto de este Tribunal como de la Oficina del Procurador General." (énfasis suplido). *In re* Sanabria Ortiz, res. el 15 de marzo de

---

[1] En su escrito de fecha 26 de febrero, el Procurador concluye que "dado que este Honorable Tribunal ha brindado a la licenciada López múltiples oportunidades para cumplir con sus responsabilidades, sin que ésta haya demostrado interés en agilizar el trámite de este asunto, procede la aplicación de medidas disciplinarias con respecto a la referida abogada."

2002, 2002 TSPR 35; *In re* Lasalle Pérez, res. el 16 de febrero de 2001, 2001 TSPR 25; *In re* Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192.

Debe mantenerse presente que es obligación de todo abogado cooperar en la tramitación e investigación de asuntos disciplinarios en su contra y que su desatención, respecto a ello, puede resultar en la imposición de severas sanciones disciplinarias. *In re* Negrón Negrón, 146 D.P.R. 928 (1998); *In re* Pérez Rodríguez, 115 D.P.R. 810 (1984).

En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente. Véase: *In re* Vargas Soto, 146 D.P.R. 55 (1998).

Por las razones antes expresadas, procede decretar la suspensión temporal del ejercicio de la abogacía, y de la notaría, de María del Carmen López Castro hasta que otra cosa disponga este Tribunal; le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de

treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de la obra notarial de María del Carmen López Castro, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María del Carmen López Castro        AB-2002-261

SENTENCIA

San Juan, Puerto Rico, a 14 de mayo de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación temporal del ejercicio de la abogacía y de la notaría en Puerto Rico de María del Carmen López Castro, a partir de la notificación de la presente Opinión Per Curiam y hasta tanto otra cosa disponga este Tribunal. Le imponemos a ésta el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión temporal a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de María del Carmen López Castro, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Hernández Denton  no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo