EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José M. Jiménez Román | Queja <br><br> 2004 TSPR 22 <br><br> 160 DPR _____ |

Número de los Casos: AB-2002-167
                     Cons. AB-2002-178 y
                          AB-2003-32

Fecha: 30 de diciembre de 2003


Oficina del Procuradora General:

                         Lcda. Yvonne Casanova Pelosi
                         Procuradora General Auxiliar

                         Lcda. Noemí Rivera de León
                         Procuradora General Auxiliar

                         Lcda. Rosana Márquez Valencia
                         Procuradora General Auxiliar


Abogado del Querellado:
                         Por Derecho Propio


Materia: Conducta Profesional
         (La suspensión del abogado advino final y firme el día
         11 de febrero de 2004.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*                                    AB-2002-167
                                    Cons. AB-2002-178 y
José M. Jiménez Román                        AB-2003-32

PER CURIAM

San Juan, Puerto Rico, a 30 de diciembre de 2003

La Hon. Aileen Navas Auger, Juez Municipal adscrita a la Sala de Asuntos de Menores del Tribunal de Primera Instancia, Sala de Arecibo, emitió una Resolución con fecha del 3 de junio de 2002 --la cual remitió a nuestra consideración-- respecto a la conducta profesional observada por el Lcdo. José Jiménez Román relativa a un caso de un menor que dicho abogado representaba. En la mencionada Resolución se hace constar la conducta irresponsable observada por el Lcdo. Jiménez Román, constitutiva la misma de innumerables ocasiones en que el abogado no compareció al tribunal, la cual causó que el tribunal ordenara el arresto, en varias ocasiones del referido

abogado. Es de notar que la Juez Navas Auger nos señala que el Lcdo. Jiménez Román, en presencia del Procurador de Menores y del alguacil de sala, le admitió a dicha magistrada que la conducta por él observada se debía a que era usuario, o adicto, de sustancias controladas pero que el Colegio de Abogados le estaba ayudando.

Remitimos la Resolución mencionada a la Oficina del Procurador General de Puerto Rico para investigación e informe. Dicho funcionario nos ha informado que el Lcdo. Jiménez Román no ha contestado sus comunicaciones, las cuales fueron remitidas a la dirección que de él consta en este Tribunal. El Procurador General, además, nos informó que cotejó con el Colegio de Abogados de Puerto Rico la información a los efectos de que dicha institución le estaba brindando ayuda al Lcdo. Jiménez Román para su adicción a las drogas, y que dicha información resultó ser falsa. En vista a ello, el Tribunal le ordenó, en dos ocasiones distintas, al Lcdo. Jiménez Román para que cumpliera con los requerimientos del Procurador General, haciendo éste caso omiso a dichas Órdenes.

Por otro lado, tenemos que el Hon. Ángel L. Díaz Del Valle, Juez Superior adscrito a la Sala Superior de Bayamón del Tribunal de Primera Instancia, nos remitió copia de una "minuta" que recoge lo acontecido en su sala el día 3 de junio de 2002. De la referida "minuta" surge que al Lcdo. Jiménez Román se le han impuesto tres desacatos por su incomparecencia al acto del juicio de un acusado que él

representa, pero que el referido abogado, a pesar de todos los esfuerzos realizados, <u>ni ha comparecido ni ha podido ser localizado</u>. Remitimos, igualmente, este asunto al Procurador General de Puerto Rico para la investigación e informe al Tribunal. Las gestiones del Procurador General para localizar al referido abogado, y lograr una contestación responsiva de éste, <u>resultaron igualmente infructuosas</u>.

Por último, tenemos que mediante escrito de fecha 18 de febrero de 2003, el Procurador General de Puerto Rico nos informó que había recibido una queja, de parte de los señores Héctor Bénejam y Mariano Bénejam, contra el abogado José Jiménez Román, a los efectos de que éste no les había reembolsado la suma de $600 que, por concepto de honorarios ellos le habían pagado por un trabajo que el abogado nunca realizó. Nos informó, además, el Procurador General que, a pesar de los esfuerzos realizados por su Oficina, <u>no</u> habían logrado que el Lcdo. Jiménez Román contestara sus requerimientos.

En vista a ello, y mediante Resolución del 28 de febrero de 2003, le ordenamos al Lcdo. Jiménez Román que compareciera ante el Procurador General y contestara dicha queja; le apercibimos que su incumplimiento podría conllevar la imposición de sanciones disciplinarias, incluso la suspensión del ejercicio de la abogacía; le ordenamos mostrar causa ante este Tribunal; y dispusimos que fuera notificado personalmente, lo cual se hizo a

través de su señora madre. El Lcdo. Jiménez Román compareció ante el Tribunal mediante escrito de fecha 29 de abril de 2003, expresando que sus incomparecencias se debían a "problemas personales" que había tenido y que, posteriormente, comparecería ante el Procurador General.

El Procurador General, mediante escrito de fecha 2 de julio de 2003, nos informó que, en efecto, el Lcdo. Jiménez Román había comparecido ante su Oficina, comprometiéndose a solucionar la queja que los señores Benejan, <u>pero, que luego de así hacerlo se perdió, nuevamente, todo contacto con él, no habiendo contestado el Lcdo. Jiménez Román dos requerimientos posteriores de su Oficina</u>. Ante esta situación, mediante Resolución del 4 de agosto de 2003, <u>nuevamente</u> requerimos del Lcdo. Jiménez Román que compareciera ante el Procurador General según éste se lo requiriera; <u>nuevamente</u> le apercibimos sobre las consecuencias de su incumplimiento; <u>nuevamente</u> requerimos que mostrara causa por la cual no debía ser disciplinado; y <u>nuevamente</u> ordenamos se le notificara personalmente de la Resolución emitida. La misma le fue notificada por conducto de su señora madre, la cual manifestó a un alguacil de este Tribunal, en ocasión posterior, que le había hecho entrega de la Resolución a su hijo. <u>Éste no ha comparecido más</u>.

I

En <u>innumerables ocasiones</u> hemos señalado que "...resulta intolerable la <u>incomprensible y obstinada</u>

negativa de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, tanto de este Tribunal como de la Oficina del Procurador General." (énfasis suplido). *In re* Sanabria Ortiz, res. el 15 de marzo de 2002, 2002 TSPR 35; *In re* Lasalle Pérez, res. el 16 de febrero de 2001, 2001 TSPR 25; *In re* Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192.

Debe mantenerse presente que es obligación de todo abogado cooperar en la tramitación e investigación de asuntos disciplinarios en su contra y que su desatención, respecto a ello, puede resultar en la imposición de severas sanciones disciplinarias. *In re* Negrón Negrón, 146 D.P.R. 928 (1998); *In re* Pérez Rodríguez, 115 D.P.R. 810 (1984).

En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente. Véase: *In re* Vargas Soto, 146 D.P.R. 55 (1998).


II

En atención a todo lo antes expuesto, no hay duda que el abogado José Jiménez Román debe ser suspendido de forma indefinida del ejercicio de la abogacía en nuestra jurisdicción, hasta que otra cosa disponga este Tribunal; ello en atención al hecho de que la actuación de éste, y la conducta que ha observado ante los requerimientos tanto de

este Tribunal como de la Oficina del Procurador General de Puerto Rico, ha sido una continua y temeraria, la cual amerita la imposición de la referida sanción disciplinaria.

Le imponemos a José Jiménez Román el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José Jiménez Román

AB-2002-167
Cons. AB-2002-178 y
AB-2003-32

SENTENCIA

San Juan, Puerto Rico, a 30 de diciembre de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación indefinida del ejercicio de la abogacía en Puerto Rico de José Jiménez Román, a partir de la notificación de la presente Opinión Per Curiam y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

La presente Opinión Per Curiam y Sentencia deberá ser notificada personalmente a José Jiménez Román por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo