EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Pedro Colón Ramírez<br>Alvin F. Aguirre González<br>Henry Román Pérez<br>Roberto Roldán Burgos<br>Luis E. Firpi Matos<br>David V. Barbosa Alameda<br>Milagros Sandoval Benítez | 2005 TSPR 74<br><br>163 DPR _____ |

Número del Caso: TS-4497; TS-7601; TS-8121; TS-8206; TS-8981
               TS-8943; TS-11226


Fecha: 18 de marzo de 2005


 Colegio de Abogados:

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo

 Materia: Conducta Profesional


            (La suspensión del Lcdo. Pedro Colón Ramírez será efectiva
            el 28 de abril de 2005 fecha en que se le notificó al abogado
            de su suspensión inmediata.)

            (La suspensión del Lcdo. Alvin F. Aguirre González será
            efectiva el 2 de mayo de 2005 fecha en que se le notificó al
            abogado de su suspensión inmediata.)

            (La suspensión del Lcdo. Henry Román Pérez será efectiva el
            3 de mayo de 2005 fecha en que se le notificó al abogado de
            su suspensión inmediata.)

            (La suspensión del Lcdo. Roberto Roldán Burgos será efectiva
            el 12 de mayo de 2005 fecha en que se le notificó al abogado
            de su suspensión inmediata.)

            (La suspensión del Lcdo. Luis E. Firpi Matos será efectiva
            el 26 de abril de 2005 fecha en que se le notificó al abogado
            de su suspensión inmediata.)

            (La suspensión del Lcdo. David v. Barbosa Alameda será
            efectiva el 18 mayo de 2005 fecha en que se le notificó al
            abogado de su suspensión inmediata.)

            (La suspensión de la Lcda. Milagros Sandoval Benítez será
            efectiva el 4 de mayo de 2005 fecha en que se le notificó al
            abogado de su suspensión inmediata.)


Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de compilación
y publicación oficial de las decisiones del Tribunal. Su distribución
electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Pedro Colón Ramírez | TS-4497 |
| Alvin F. Aguirre González | TS-7601 |
| Henry Román Pérez | TS-8121 |
| Roberto Roldán Burgos | TS-8206 |
| Luis E. Firpi Matos | TS-8981 |
| David V. Barbosa Alameda | TS-8943 |
| Milagros Sandoval Benítez | TS-11226 |

PER CURIAM

En San Juan, Puerto Rico, a 18 de marzo de 2005.

El 3 de agosto de 2004, el Director Ejecutivo del Colegio de Abogados compareció ante nos solicitando la suspensión al ejercicio de la abogacía de los licenciados Pedro Colón Ramírez, Alvin F. Aguirre González, Henry Román Pérez, Roberto Roldán Burgos, Luis E. Firpi Matos, David V. Barbosa Alameda y Milagros Sandoval Benítez, por no haber satisfecho el pago de la cuota de colegiación.

En vista de ello, mediante Resolución del 13 de octubre de 2004, le concedimos a los abogados querellados un término de veinte (20) días para

mostrar causa por la cual no debían ser suspendidos del ejercicio de la abogacía. En la resolución, se les apercibió que el incumplimiento con las órdenes de este Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía.

Transcurrido el término de veinte (20) días sin recibir la comparecencia de los abogados, se les concedió un término final de diez (10) días para cumplir con la Resolución señalada.

Dichas Resoluciones fueron notificadas por correo certificado a la dirección de récord de los abogados querellados y personalmente a través de la Oficina del Alguacil General. Algunas fueron devueltas debido a que los abogados habían cambiado de dirección y no notificaron el cambio a la Secretaría de este Tribunal.

Así las cosas, el término concedido expiró y los abogados no han comparecido ante el Tribunal, ni han satisfecho su deuda. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

Las Resoluciones en los casos 4497, 7601, 8121, 8206, 8981, 8943 y 11226 se consolidan por versar sobre el mismo asunto.

II

El Artículo 9 de la Ley Núm. 43 de 14 de mayo de 1932, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con

dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la abogacía y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re: Ortiz Delgado*, res. el 29 de mayo de 2003, 2003 TSPR 96; *In re: Pérez Brasa*, res. el 10 de diciembre de 2001, 2002 TSPR 46; *In re: Alemañy Enriquez*, res. el 5 de mayo de 2000, 2000 TSPR 117; *In re: Quevedo Cordero*, res. el 21 de enero de 1999, 99 TSPR 4; *In re:* Osorio Díaz, 146 D.P.R. 39 (1998); *In re* Reyes *Rovira*, 139 D.P.R. 42 (1995); *Col. Abogados P.R. v. Pérez Padilla*, 135 D.P.R. 94 (1994); *In re:* Duprey Maese, 120 D.P.R. 565 (1988); *In re:* Serrallés III, 119 D.P.R. 494 (1987); *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *In re:* Vega González, 116 D.P.R. 379, 381 (1985).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado  no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re: Quintero Alfaro*, res. el 9 de febrero de 2004, 2004 TSPR 20, *In re:* Osorio Díaz, ante; *In re:* González Albarrán, 139 D.P.R. 543 (1995); *In re*: Serrano Mangual, 139 D.P.R. 602 (1995); *In re: Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re: Colón Torres*, 129 D.P.R. 490 (1991).

TS-4497                TS-8981                      Pág. 4
TS-7601                TS-8943
TS-8121                TS-11226
TS-8206

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re: Santiago Rodríguez*, res. el 20 de agosto de 2003, 2003 TSPR 137; *In re: Sanabria Ortiz*, res. el 13 de diciembre de 2001, 2002 TSPR 35; In re: Santiago Méndez, 141 D.P.R. 75 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. *In re: Serrallés III*, *supra*; *In re: Berríos Pagán*, 126 D.P.R. 458 (1990).

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Colón Ramírez, Aguirre González, Román Pérez, Roldán Burgos, Firpi Matos, Barbosa Alameda y Sandoval Benítez.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de los licenciados Aguirre González, Roldán Burgos, Firpi Matos y Sandoval Benítez y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Al Lcdo. Luis E. Firpi Matos se le incautará de su sello notarial.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Pedro Colón Ramírez | TS-4497 |
| Alvin F. Aguirre González | TS-7601 |
| Henry Román Pérez | TS-8121 |
| Roberto Roldán Burgos | TS-8206 |
| Luis E. Firpi Matos | TS-8981 |
| David V. Barbosa Alameda | TS-8943 |
| Milagros Sandoval Benítez | TS-11226 |

SENTENCIA

San Juan, Puerto Rico, a 18 de marzo de 2005.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía de los querellados de epígrafe. A los Lcdos. Alvin F. Aguirre González, Roberto Roldán Burgos y Milagros Sandoval Benítez, se les suspende, además, del ejercicio de la notaría.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de los Lcdos. Aguirre González, Roldán Burgos y Sandoval Benítez. Al Lcdo. Luis E. Firpi Matos se le incautará de su sello notarial.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo