528

Colegio de Abogados de Puerto Rico, querellante, *v.* Mateo Fajardo Dávila, Juan E. Guzmán García, Ramón Hernández Pastrana y José M. Rodríguez Bermúdez, querellados.

Núm. 1.—*Sometido:* Mayo 3, 1937. *Resuelto:* Mayo 20, 1937.

*Mariano Acosta Velarde,* abogado del querellante.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

El Colegio de Abogados de Puerto Rico presentó ante esta Corte Suprema el 6 de abril de 1937 una querella en solicitud de que se suspendiera a varios abogados en el ejercicio de su profesión por no haber satisfecho las cuotas correspondientes a los años 1934, 1935, 1936 y 1937, y el tribunal ordenó que se oyera a las partes el tres de mayo siguiente.

Algunos de los querellados satisficieron sus cuotas antes de la audiencia y otros después. Sus nombres fueron eliminados de la misma. El tres de mayo sólo comparecieron el Colegio por su Presidente y uno de los querellados que satisfizo su cuota. Los querellados Mateo Fajardo Dávila, Juan E. Guzmán García, Ramón Hernández Pastrana y José M. Rodríguez Bermúdez que continúan en deuda no comparecieron ni han presentado escrito alguno al tribunal.

En mayo 14, 1932, se aprobó por el Gobernador la Ley núm. 43 decretada por la Asamblea Legislativa determinando la organización del Colegio de Abogados de Puerto Rico.

Por su primer artículo constituyó a los profesionales con derecho a ejercer la abogacía ante el Tribunal Supremo, siempre que así lo acordare en referéndum la mayoría de los mismos, en entidad jurídica o corporación cuasi pública bajo el nombre de Colegio de Abogados de Puerto Rico. El referéndum se celebró de acuerdo con lo prescrito en las secciones 14 y 15 de la propia ley y el Colegio quedó debidamente establecido.

Tal como determina el artículo cuarto, "serán miembros del Colegio todos los abogados que estén admitidos a postular ante el Tribunal Supremo de Puerto Rico y cumplan los deberes que esta ley les señala", siendo uno de esos deberes el pago de las cuotas que fijan el artículo 9 de la ley y el 6 del reglamento, como sigue:

"Artículo 9.—Cada año los miembros del Colegio pagarán una cuota de tres (3) dólares en la fecha o en los plazos que fije el Reglamento por disposición del cual podrá aumentarse aquélla siempre que no exceda de diez (10) dólares."

"Artículo 6.—*Cuota.*—Todo colegiado pagará al Colegio anualmente y por anticipado, en o antes del 31 de enero del año a que corresponda, una cuota de $6 (seis dólares). Los nuevos miembros que se matriculen después de transcurrido ese día satisfarán al formular su solicitud de ingreso, la primera cuota de seis dólares ($6) que cubrirá hasta el 31 de diciembre del año en que la misma se pague."

Cualquier miembro del Colegio que dejare de cumplir ese deber, "quedará suspendido como tal" ordena el artículo 10, "pero podrá rehabilitarse mediante el pago de lo que adeude por aquel concepto", disponiendo el tercero que "celebrada la primera junta general del Colegio, ninguna persona que no sea miembro del mismo podrá ejercer la profesión de abogado en esta Isla."

Es tan clara la ley en cuanto a la necesidad del pago de la cuota para ser miembro del Colegio y en cuanto a los efectos de la falta del pago, que sobre tales extremos no requiere interpretación. Habla por sí misma. La duda surge con respecto a si es el propio Colegio el que debe decretar la suspensión o es la Corte Suprema la que puede hacerlo a solicitud del Colegio a fin de que la orden impida de modo efectivo al abogado que deja de ser miembro del mismo continuar practicando su profesión en la Isla.

Una situación semejante surgió en el Estado de California. En el caso de *Carpenter* v. *The State Bar*, 211 Cal. 358 (295 P. 23), se resolvió lo que sigue:

"La sección de la ley que creó el Colegio de Abogados del Estado (Estatutos de 1927, pág. 38) aquí envuelta, lee en su parte pertinente así: 'Sec. 46. . . Todo asociado . . . que dejare de pagar cualesquiera cuotas . . . y luego de transcurridos dos meses de habérsele dado aviso por escrito de su incumplimiento, será suspendido como miembro del Colegio de Abogados del Estado . . .' Esta sección está seguida por la 47, que lee: 'Ninguna persona ejercerá como abogado en el Estado con posterioridad a la primera reunión del Colegio de Abogados del Estado, a menos que sea un miembro activo del mismo en la forma que antes se define.' Por tanto, es claro que el efecto total o máximo de estas disposiciones es suspender al peticionario en la práctica del derecho, suspensión que terminará tan sólo cuando él haya cumplido con la ley. Debe notarse, sin embargo, que la ley no dice de manera expresa que la Junta de Gobierno dictará la orden suspendiéndole como miembro. Se nos ocurre que como esto realmente equivale a una suspensión del derecho a ejercer la profesión de abogado y además que toda vez que un letrado es un funcionario de la corte, parecería haber sido la intención legislativa que la separación fuera hecha a virtud de una orden de este tribunal

y que la actuación de la Junta de Gobierno en la materia fuera considerada como una conclusión de hecho y como una recomendación para que este tribunal dictara tal orden. Esto también está en armonía con nuestras decisiones en cuestiones de admisión y separación de abogados. (*In re Shattuck*, 208 Cal. 6, 9–12 (279 Pac. 998); *Brydonjack* v. *The State Bar*, 208 Cal. 439, 443 (66 A.L.R. 1507, 281 Pac. 1018).) Ello también evita que se discuta la contención de que en efecto equivale a conferir autoridad judicial a un cuerpo distinto a una corte.''

La sentencia de la Corte Suprema de California lleva fecha enero 12, 1931. No obstante lo resuelto, Carpenter continuó practicando la abogacía, y en el procedimiento de desacato que contra él se siguiera, la corte en su decisión de julio 13, 1931, se expresó así:

''El querellado rehusó y se negó a presentar una contestación jurada o una contestación suficiente a la acusación contenida en la declaración jurada, y habiéndose sometido debidamente el asunto para una decisión y habiendo la corte considerado el mismo, la corte ahora declara que el querellado en las épocas y sitios y en la forma alegados en dicha declaración jurada, ejerció como letrado o consultor y se hacía pasar ante el público como un letrado o consultor con derecho a ejercer la profesión en este Estado, en momentos en que dichas órdenes de suspensión estaban en todo su vigor, y que todas las alegaciones de la ameritada declaración jurada son ciertas y que no se demuestra causa suficiente, o causa alguna, por la cual dicho A. H. Carpenter no deba ser declarado culpable y castigado por el delito de desacato.

''Por tanto, se ordena, manda y decreta que los aludidos actos del querellado A. H. Carpenter con respecto a esta corte constituyen un desacato, y por la presente se decreta y declara al querellado culpable de desacato a este tribunal por razón de los actos expuestos en la ameritada declaración jurada, y como castigo de ello se condena al referido A. H. Carpenter a pagar una multa de $300 y en su defecto que sea entregado al 'sheriff' del Condado de San Joaquín, Estado de California, y hasta tanto pague tal multa sea encarcelado en la prisión del citado Condado a razón de un día de cárcel por cada dos dólares que dejare de satisfacer.'' *In re Carpenter*, 1 Pac. (2d) 983.

■ En tal virtud, habiendo quedado suspendidos los querellados Mateo Fajardo Dávila, Juan E. Guzmán García, Ramón Hernández Pastrana y José M. Rodríguez Bermúdez, como miembros del Colegio de Abogados de Puerto Rico por falta de pago de sus cuotas, *se les suspende en el ejercicio de su profesión hasta que se rehabiliten mediante el pago de lo que por tal concepto adeuden.* Notifíquese y comuníquese.