*In re* LUIS A. VEGA GONZÁLEZ, querellado.

*Número:* 5073    *Resuelto:* 25 de abril de 1985

*Govén D. Martínez Surís, Director de Inspección de Notarías.* El querellado no compareció.

PER CURIAM: El querellado Luis A. Vega González fue admitido a la práctica de la abogacía en Puerto Rico el 12 de diciembre de 1975, y al ejercicio del notariado el 27 de mayo de 1976.

Mediante carta del Director Ejecutivo del Colegio de Abogados de 20 de octubre de 1982 dirigida a la Secretaria General de este Tribunal se informó que el querellado adeudaba su fianza notarial desde el 28 de enero de 1982 y que habían resultado infructuosos todos los esfuerzos para que

pagara. La Secretaria General le escribió al querellado el 2 de noviembre siguiente para informarle sobre dicha comunicación y que de acuerdo con la ley debía renovar la fianza en sesenta días, a vencer el 2 de enero de 1983. Se le indicó que de no hacerlo se traería el asunto a la consideración de este Tribunal, y se le hizo saber lo siguiente:

Se le apercibe de que una vez el Tribunal emita una resolución de separación del ejercicio del notariado la mera prestación de la fianza no será suficiente para la reinstalación en el ejercicio del notariado. Será siempre necesario una solicitud de reinstalación la cual será considerada por este Tribunal. *Solo si el Tribunal emite una resolución de reinstalación podrá usted volver a asumir las funciones de notario.* (Énfasis en el original.)

Como no se recibiera contestación del querellado, el asunto fue referido a nuestra consideración y por resolución de 7 de febrero de 1983, que fue debidamente notificada al querellado, al Secretario de Hacienda, al Secretario de Estado, al Colegio de Abogados y al Director de Inspección de Notarías, ordenamos al querellado "que cese inmediatamente en el ejercicio del notariado y sin excusa ni pretexto y dentro del término de treinta días haga entrega de sus protocolos notariales y registro de afidávit, si aún no lo hubiere hecho, al Inspector de Notarías, Lic. Govén D. Martínez Surís".

El 2 de marzo de 1983 se recibió en la Secretaría de este Tribunal una certificación del Director Ejecutivo del Colegio de Abogados a los efectos de que el querellado satisfizo el importe de la prima de su fianza notarial el 11 de febrero —cuatro días después de nuestra mencionada resolución— para cubrir el período comprendido entre el 28 de enero de 1982 y el 28 de enero de 1984. No obstante, el querellado no solicitó su reinstalación como notario como era su obligación si pretendía continuar ejerciendo el notariado. En el ínterin, el Director de Inspección de Protocolos nos advirtió sobre numerosas fallas en la obra notarial del querellado, a tener en cuenta si solicitaba su reinstalación a la práctica notarial.

Posteriormente, por resolución de 30 de diciembre de 1983 decretamos la suspensión del querellado del ejercicio de la abogacía debido a no haber satisfecho su cuota como miembro del Colegio de Abogados.

Los requerimientos que hizo el Director de Inspección de Protocolos al querellado para que entregara sus protocolos y registros de afidávit fueron desatendidos por éste, lo que obligó a que por resolución de 10 de mayo de 1984 ordenásemos al Alguacil General de este Tribunal a incautarse de los mismos.

■ Cumplimentada nuestra orden y recibidos los protocolos por el Director de Inspección de Notarías, éste nos sometió un informe que acusa múltiples faltas, algunas de naturaleza tan grave como para anular los instrumentos otorgados. (¹)

Por otro lado, el querellado continuó ejerciendo el notariado después de nuestra resolución de 7 de febrero de 1983, sin haber sido reinstalado, y después de nuestra resolución de 30 de diciembre de 1983 en que le suspendimos del ejercicio de la abogacía. (²) En vista de ello emitimos una resolución el 24 de enero de 1985 en que le concedimos plazo hasta el 11 de

---

(¹) El informe revela que el querellado autorizó sobre trescientas escrituras durante los años 1979 al 1984. Rara es la que no tiene alguna falta, tales como no haberse cancelado los sellos de rentas internas y las estampillas notariales; faltas de notas de apertura y de cierre y notas de saca; falta de la rúbrica del notario en los folios, espacios en blanco; faltas graves como: omisión de las firmas e iniciales de otorgantes y testigos; falta de testigos firmantes por otorgantes que no sabían hacerlo; no fijarse el valor de transacciones; falta de la firma del notario; falta de dación de fe, y otras. Numerosas fallas aparecieron además en los registros de afidávit. La omisión de cancelar sellos movió a una reclamación contra el Colegio de Abogados como fiador. Éste tuvo que pagar $1,518.75 por sellos de rentas internas y $283 para sellos de Asistencia Legal, más $175.75 para estampillas notariales.

(²) Fechado el 15 de octubre de 1984 recibimos un escrito del Hon. Luis A. Juan, J., Tribunal Superior, Sala de Aibonito, en que informa sobre la comparecencia ante dicha Sala del aquí querellado, en función de abogado. De ello dimos traslado al Secretario de Justicia por resolución de 1ro de noviembre de 1984, para su investigación y la acción que fuere procedente.

febrero de 1985 para que mostrara causa por la cual no debamos decretar su desaforo permanentemente. Dicha resolución le fue debidamente notificada y no ha comparecido.

La conducta del querellado en el desempeño de las funciones que asumió como notario demuestra que es indigno de ostentar la fe pública. Sus actuaciones trascienden el campo del notariado y reflejan su irresponsabilidad como abogado. En su virtud, *se decreta el desaforo permanente del querellado Luis A. Vega González, sin menoscabo de cualesquiera procedimientos de naturaleza administrativa, penal o civil que fueran procedentes en su contra, sobre lo cual no pasamos juicio en este momento.*

