*In re* JANTONY VELÁZQUEZ BEVERAGGI.

*Número:* TS-12739          *Resuelto:* 27 de diciembre de 2005

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *José M. Montalvo Trías*, director ejecutivo del Colegio de Abogados de Puerto Rico; *Israel Pacheco Acevedo*, secretario ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados de Puerto Rico.

PER CURIAM:

I

El 25 de abril de 2005 la Oficina de Inspección de Notarías (O.D.I.N.) nos remitió un informe sobre el estado de la notaría del Lcdo. Jantony Velázquez Beveraggi. De dicho informe se desprende que el 20 y 21 de mayo de 2003 se realizó una inspección inicial de los Protocolos del licenciado Velázquez Beveraggi. En dicha visita los inspectores de O.D.I.N. encontraron unas deficiencias en las autorizaciones de los instrumentos públicos.(¹) Notificaron al notario sobre dichas deficiencias para que procediera a corregirlas.

Así las cosas, el 3 de diciembre de 2003 se reinspeccionó la obra notarial del licenciado Velázquez Beveraggi y se aprobaron los Protocolos de 1999 y 2002, y quedaron pendientes los correspondientes a los años 2000 y 2001. Con posterioridad, en varias ocasiones los inspectores visitaron al notario para continuar con la inspección, pero éste no se encontraba o no tenía disponible las escrituras para corregir las faltas señaladas.

Mediante una carta de 4 de agosto de 2004, la licenciada Carmen H. Carlos, directora de O.D.I.N., le informó al notario que tendría una última oportunidad para completar

---

(¹) Las deficiencias más serias encontradas en la obra notarial en cuestión consisten en la falta de firma y sello del propio notario, la falta de las iniciales de los comparecientes, no acreditar facultades representativas ni las circunstancias personales de los otorgantes.

el proceso de reinspección. En la fecha indicada, el licenciado Velázquez Beveraggi recibió a los inspectores, pero la inspección no se pudo realizar porque el notario no estaba preparado. Ante esas circunstancias, se le requirió al licenciado Velázquez Beveraggi comparecer personalmente a O.D.I.N. para completar la reinspección. El notario compareció a la cita de reinspección, pero los inspectores encontraron que la mayoría de las deficiencias no habían sido corregidas, por lo que no se aprobaron los Protocolos.

En vista del referido informe, el 20 de mayo de 2005 emitimos una resolución en la cual le concedimos al licenciado Velázquez Beveraggi un término de diez días para expresar las razones por las cuales no debía ser sancionado por las serias deficiencias encontradas en su obra notarial. Se le concedió también un término de treinta días para subsanar dichas deficiencias. Apercibimos a Velázquez Beveraggi de que su incumplimiento con los términos de dicha resolución conllevaría su suspensión inmediata del ejercicio de la abogacía.

Por otro lado, el 15 de julio de 2005 el Director Ejecutivo del Colegio de Abogados compareció ante este Tribunal e indicó que el licenciado Velázquez Beveraggi no había satisfecho el pago de la cuota de colegiación del 2005. Además, el 15 de septiembre de 2005 el Secretario Ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados nos informó que Velázquez Beveraggi estaba al descubierto en el pago de su fianza notarial desde marzo de 2005.

En vista de ello, mediante Resolución de 30 de agosto de 2005, le concedimos al abogado querellado un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. En dicha resolución se le apercibió que el incumplimiento con las órdenes de este Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía.

Conforme a lo ordenado, un alguacil de este Tribunal acudió personalmente a las direcciones del expediente del

licenciado Velázquez Beveraggi con el propósito de notificarle personalmente las resoluciones antes mencionadas. No obstante, las gestiones realizadas por el alguacil resultaron infructuosas. Se verificó el expediente del Tribunal y no existe ninguna otra dirección del licenciado Velázquez Beveraggi.

Así las cosas, el término concedido expiró y el abogado querellado no ha comparecido ante el Tribunal ni ha satisfecho su deuda con el Colegio de Abogados. Tampoco ha subsanado las deficiencias señaladas en su obra notarial. En vista de lo anterior, y sin el beneficio de la posición del abogado Velázquez Beveraggi, procedemos a resolver este asunto sin ulteriores trámites.

## II

La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaría del Tribunal Supremo. Anteriormente hemos expresado que la omisión de un abogado por mantener informado al Tribunal respecto a su dirección obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria. *In re Santiago Rodríguez*, 160 D.P.R. 245 (2003); *In re Sanabria Ortiz*, 156 D.P.R. 346 (2002); *In re Santiago Méndez*, 141 D.P.R. 75 (1996). El incumplimiento con la obligación de notificar un cambio de dirección es suficiente para decretar la separación indefinida de la abogacía. *In re Pérez Olivo*, 155 D.P.R. 887 (2001).

Asimismo, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia

nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Quintero Alfaro*, 161 D.P.R. Ap. (2004); *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991). Además, hemos recalcado que es obligación de todo abogado cooperar en la investigación y tramitación de asuntos disciplinarios en su contra y que su desatención puede resultar en sanciones severas. *In re Rodríguez Servera*, 149 D.P.R. 730 (1999); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998).

Por otro lado, el Art. 9 de la Ley Núm. 43 de 14 de mayo de 1932 (4 L.P.R.A. sec. 780) establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota anual. Véase *Colegio de Abogados de P.R. v. Fajardo*, 51 D.P.R. 528 (1937). Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la abogacía y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re Ortiz Delgado*, 159 D.P.R. Ap. (2003); *In re Alemañy Enríquez et al.*, 150 D.P.R. Ap. (2000); *In re Reyes, Rovira*, 139 D.P.R. 42 (1995); *Col. de Abogados P.R. v. Pérez Padilla*, 135 D.P.R. 94 (1994); *In re Duprey Maese*, 120 D.P.R. 565 (1988); *In re Serrallés III*, 119 D.P.R. 494 (1987); *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *In re Vega González*, 116 D.P.R. 379, 381 (1985).

Por otra parte, el requisito de fianza notarial surge del Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011. Este artículo dispone que para poder ejercer la profesión notarial en Puerto Rico se tiene que prestar una fianza no menor de quince mil dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que cause el notario en el ejer-

cicio de sus funciones. *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992).

■ Un notario que no cuenta con la protección que ofrece la fianza constituye un peligro no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que a diario utilizan sus servicios en Puerto Rico. *In re González Maldonado*, 152 D.P.R. 871 (2000). *Además*, el no hacer gestiones para renovar la fianza notarial constituye una falta de respeto a este foro. *In re Ribas Dominicci I*, supra. Por dichas razones, el incumplimiento de la obligación de pagar las primas de la fianza notarial requiere la intervención disciplinaria de este Tribunal.

### III

En el caso ante nuestra consideración se emitió una Resolución de 20 de mayo de 2005 en la cual se le ordenó al Alguacil General de este Tribunal que notificara personalmente a Velázquez Beveraggi. Se emitió además otra resolución el 30 de agosto de 2005 relacionada con la falta de pago de la cuota anual de colegiación. En ambas órdenes se le apercibió al abogado querellado que su incumplimiento con éstas conllevaría severas sanciones disciplinarias. La Oficina del Alguacil de este Tribunal ha hecho constar el diligenciamiento personal negativo de ambas órdenes, lo cual indica que el licenciado Velázquez Beveraggi ha cambiado su dirección y no ha cumplido con su deber de informar dicho cambio a la Secretaría del Tribunal. Tampoco ha comparecido al Colegio de Abogados a cumplir con su obligación de pagar la cuota anual o la fianza notarial.

En vista de lo anterior, y al amparo de nuestro poder inherente de reglamentar la profesión, *se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a Jantony Velázquez Beveraggi. Se le impone a Velázquez Beveraggi el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devol-*

*verles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión* per curiam *y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Velázquez Beveraggi y entregarlos a la Directora de O.D.I.N. para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.