PER CURIAM:
I
El Ledo. Santiago Martínez Miranda fue admitido al ejercicio de la abogacía el 2 de enero de 1990 y al ejercicio de la notaría el 11 de diciembre de 1996.
Mediante una opinión per curiam emitida el 17 de septiembre de 2003, suspendimos a Martínez Miranda del ejercicio de la profesión por un término de seis meses. In re Martínez Miranda, 160 D.P.R. 263 (2003). En esa ocasión, resolvimos que Martínez Miranda había infringido los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por su falta de competencia y diligencia en la representación de un cliente y por haber incumplido con su deber de mantenerlo informado sobre el desarrollo de su caso. Asimismo, determinamos que Martínez Miranda también había incurrido en una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por no responder diligentemente a nuestros requerimientos ni a los del Procurador General.
Transcurrido en exceso el término de suspensión decretado, Martínez Miranda compareció y nos solicitó que lo *775 reinstaláramos al ejercicio de la profesión. Luego de los trámites de rigor, reinstalamos a dicho abogado al ejercicio de la abogacía y de la notaría mediante Resolución emitida el 13 de agosto de 2004. In re Martínez Miranda, 162 D.P.R. 744 (2004).
Posteriormente, con motivo de una queja presentada en su contra, el 18 de junio de 2007 la Secretaría de este Tribunal le cursó una comunicación por correo certificado con acuse a Martínez Miranda, en la cual se le concedió un término de diez días para presentar su contestación. El 13 de agosto de 2007, debido a que el término concedido había transcurrido, la Secretaría del Tribunal le remitió a Martínez Miranda una segunda notificación, mediante la cual se le concedió un término adicional de diez días para contestar la queja.
Dado el incumplimiento de Martínez Miranda con las referidas notificaciones, el 26 de octubre de 2007, mediante Resolución y bajo apercibimiento de suspensión del ejercicio de la profesión, concedimos a dicho abogado un término de diez días adicionales para contestar la queja presentada en su contra. Esta resolución se notificó a Martínez Miranda mediante entrega personal realizada por la Oficina del Alguacil de este Tribunal el 24 de enero de 2008. A pesar de lo anterior, Martínez Miranda aún no ha comparecido ante nos.
Por otro lado, el pasado 17 de junio el Colegio de Abogados compareció ante este Foro y nos solicitó que canceláramos la fianza notarial prestada por Martínez Miranda. El Colegio nos informó que éste tiene al descubierto el pago de dicha fianza, la cual venció en noviembre del pasado año.([1])
En vista de lo anterior, mediante la Resolución emitida el pasado 23 de junio, concedimos a Martínez Miranda un *776 término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Esta orden incluyó un apercibimiento a Martínez Miranda a los efectos de que su incumplimiento conllevaría su suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.
Debido a que Martínez Miranda incumplió, una vez más, con lo ordenado por este Tribunal, el 24 de julio le concedimos un término adicional de diez días para que diera cumplimiento a nuestra Resolución de 23 de junio. Dispusimos, además, que se notificara lo anterior a Martínez Miranda personalmente, mediante la Oficina del Alguacil de este Tribunal.
Conforme a lo ordenado, un alguacil de este Tribunal acudió personalmente a la dirección de Martínez Miranda que consta en su expediente personal, para notificarle la Resolución mencionada. Sin embargo, las gestiones realizadas por el alguacil resultaron infructuosas. La Oficina del Alguacil ha hecho constar el diligenciamiento negativo de la Resolución.
Todo lo anterior apunta a una conducta reiterada de dejadez e indiferencia por parte de Martínez Miranda hacia nuestras órdenes y demuestra su ignorancia de sus deberes como abogado, así como su desinterés en continuar siendo miembro de la profesión. Veamos.
II
En reiteradas ocasiones, hemos resuelto que todo abogado tiene la obligación de responder diligentemente a los requerimientos de este Tribunal, sobre todo cuando se trata de asuntos relacionados a la esfera disciplinaria. Por ello, no cumplir diligentemente con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la abogacía. In re García Vallés, 172 D.P.R. Ap. (2007); In re Rivera Torres, 172 D.P.R. Ap. (2007); In re Rodríguez Calderón, 172 D.P.R. 309 (2007); In re Laborde *777 Freyre I, 154 D.P.R. 112 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998).
Asimismo, la omisión de un abogado de mantener al día su dirección ante este Tribunal es motivo suficiente para decretar su suspensión indefinida del ejercicio de la profesión. La Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, impone a todo miembro de la clase togada la obligación de notificar cualquier cambio de dirección —ya sea física o postal— a la Secretaría del Tribunal Supremo. Cuando un abogado incumple con este deber obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria, por lo que tal conducta bastará para que le impongamos la sanción severa de separarlo de la práctica de la profesión. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Velázquez Beveraggi, 166 D.P.R. 624 (2005); In re Sanabria Ortiz, 156 D.P.R. 345 (2002).
Por otro lado, el Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2011, establece como requisito para poder ejercer el notariado en Puerto Rico la prestación de una fianza no menor de $15,000. El propósito de esta fianza es responder por los daños y perjuicios que el notario pueda ocasionar mediante el desempeño de sus funciones o por el incumplimiento de sus deberes ministeriales. In re Velázquez Beveraggi, supra; Sucn. María Resto v. Ortiz, 157 D.P.R. 803 (2002); In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
Hemos expresado que un notario que no cuenta con dicha protección constituye un peligro, no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que utilizan sus servicios. Constituye una falta de respeto hacia este Tribunal la omisión del notario de hacer gestiones para renovar la fianza. Por ello, el incumplimiento de la obligación de pagar las primas de la fianza notarial requiere la intervención disciplinaria de este Tribunal. In re Velázquez Beveraggi, supra; In re Arroyo Rivera, 166 D.P.R. Ap. (2005); In re Ribas Dominicci I, supra.
*778 En el caso ante nuestra consideración, la Oficina del Alguacil de este Tribunal notificó personalmente a Martínez Miranda la Resolución emitida el 26 de octubre de 2007. Por otro lado, esta Oficina ha hecho constar el diligenciamiento negativo de la Resolución emitida el pasado 24 de julio relacionada con la falta de pago de la prima de la fianza notarial. Ello indica que Martínez Miranda ha cambiado su dirección y no ha cumplido con su deber de informarlo a la Secretaría del Tribunal. Tampoco ha atendido nuestros requerimientos ni ha cumplido con su obligación de pagar la fianza notarial.
En vista de que Martínez Miranda ha hecho caso omiso a nuestras órdenes en reiteradas ocasiones y ha incumplido con sus deberes de mantener al día su dirección física y pagar las primas en concepto de fianza notarial, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente opinión “per curiam” y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido, debiendo entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará Sentencia de conformidad.

(1) Cabe señalar que surge del expediente que en mayo de 2006, el Colegio de Abogados había comparecido a solicitarnos la cancelación de la fianza notarial prestada por Martínez Miranda, dado que éste la tenía al descubierto desde noviembre de 2005. Sin embargo, tras Martínez Miranda haber hecho el pago, el Colegio desistió de esta petición y procedimos a archivar el asunto. Similar situación había ocurrido en agosto de 2003, cuando el Colegio desistió de una queja presentada contra Martínez Miranda por su incumplimiento con el pago de la cuota de colegiación, la cual el abogado pagó luego de instada la queja.