per curiam:
Una vez más nos vemos en la obligación de suspender a un miembro de la profesión por incumplir con los requerimientos de la Oficina del Procurador General y de este Tribunal sobre varios procedimientos disciplinarios iniciados en su contra. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefi-nida del Ledo. Nelson Borges Borges del ejercicio de la abo-gacía y la notaría.
I
El Ledo. Nelson Borges Borges fue admitido al ejercicio de la abogacía el 2 de enero de 1990 y el 8 de febrero de 1991 prestó juramento como notario. Sobre la gestión pro-fesional del licenciado Borges Borges se han presentado varias quejas que aún se encuentran en diferentes etapas del proceso investigativo. Ello se debe, en la mayoría de los casos, a su falta de diligencia y cumplimiento hacia las órdenes de este Tribunal y de la Oficina del Procurador General. Procedemos a resumir brevemente el trámite de cada una de las quejas presentadas.
A. AB-2007-316
En octubre de 2007, la Sra. Elisa Díaz Vázquez presentó una queja en contra de Borges Borges relacionada, entre *783 otras cosas, con la alegada incomparecencia de dicho le-trado a un señalamiento del tribunal en un caso en que la quejosa figuraba como demandada. En diciembre de 2007, la Secretaria de este Tribunal le envió a Borges Borges una copia de la queja y le solicitó su contestación, mas la carta fue devuelta por el correo. En enero de 2008 se le envió una segunda notificación a otra dirección, y no fue hasta mayo de 2008 que él compareció y respondió a las alegaciones de la señora Díaz Vázquez.
Ante la respuesta del abogado, referimos el asunto a la Oficina del Procurador General para que realizara una in-vestigación y nos rindiera el informe correspondiente. En julio de 2008 dicha oficina le requirió a Borges Borges cierta información y documentos necesarios para poder in-vestigar adecuadamente las alegaciones de la queja. Al no recibir respuesta, en agosto de 2008 se le cursó una se-gunda notificación. Transcurrido el término provisto por el Procurador General para responder a sus requerimientos, éste refirió el asunto ante nuestra consideración para la acción correspondiente.
B. AB-2007-355
Por otro lado, en noviembre de 2007 la Sra. Hilda Figueroa López presentó una queja en contra de Borges Borges en la que alegó que era cliente de éste, mas no había po-dido comunicarse con él ni obtener copia de su expediente. Oportunamente la Secretaria de este Tribunal le notificó al abogado sobre la queja en su contra y le requirió su contestación. Dicha comunicación fue enviada a una direc-ción que la quejosa proveyó y que era distinta a las que obraban en los expedientes de este Tribunal. En febrero de 2008 se le envió una segunda comunicación a otras direc-ciones que habíamos utilizado en ocasiones anteriores.(1) *784 Una de ellas fue devuelta por el correo y la otra fue reci-bida, mas el abogado no compareció. Por ello, en mayo de 2008 se le envió una tercera notificación a la dirección pro-vista por él en contestaciones a quejas previas. Como nunca se recibió una contestación, en julio de 2008 emiti-mos una Resolución en la cual ordenamos la comparecen-cia de Borges Borges, pero éste nunca contestó.
C. AB-2007-377
Para fines del 2007, la Sra. Altagracia Calzada Fernán-dez presentó otra queja contra Borges Borges. Esta se que-relló porque él no atendió diligentemente una demanda de daños y peijuicios que supuestamente ésta le requirió que instara. Al igual que ocurrió con quejas anteriores, en diciembre de 2007 la Secretaria de este Tribunal le cursó una comunicación a una dirección que resultó no pertenecer a éste, por lo que en febrero de 2008 le envió una segunda notificación. En mayo de 2008 se envió una tercera notifi-cación a la dirección provista en las contestaciones a que-jas anteriores. Aún hoy, Borges Borges no ha respondido a los requerimientos de la Secretaria del Tribunal.
D. AB-2008-022
A principios del 2008 la Sra. Ana Cristeida Frias Pacheco presentó otra queja en contra de Borges Borges rela-cionada con una demanda de daños y perjuicios en la cual ésta le había pedido que la representara. En marzo de 2008 la Secretaria de este Tribunal le cursó una comunica-ción a Borges Borges con copia de la queja y le ordenó contestarla, mas ésta fue devuelta. Por ello, en abril de 2008 se le envió una segunda notificación a otra de sus direcciones. En mayo de 2008 Borges Borges presentó una sucinta contestación a la queja. Ese mismo mes referimos *785 el asunto a la Oficina del Procurador General para la in-vestigación correspondiente.
En junio de 2008 dicha oficina cursó una comunicación al abogado solicitándole cierta información y documentos necesarios para poder investigar adecuadamente la queja presentada. En julio de 2008 se le envió una segunda noti-ficación y, al no recibir respuesta, la Oficina del Procurador General así nos lo informó.(2) En agosto de 2008 emitimos una Resolución mediante la cual le ordenamos al licen-ciado Borges Borges que compareciera ante nos, mas no hemos recibido respuesta. Hasta hoy Borges Borges no ha contestado ni los requerimientos del Procurador General ni nuestras órdenes.
E. ÁB-2008-102
En abril de 2008, la Sra. Carmen Méndez Díaz presentó otra queja contra Borges Borges relacionada con la alegada falta de diligencia de éste en un caso en el cual la representaba. En mayo de 2008 la Secretaria de este Tribunal le notificó a Borges Borges sobre dicha queja y le requirió su contestación, mas el correo devolvió la carta.
E AB-2007-30
Por otro lado, la Sra. Sara Llanos Torres también pre-sentó en la Oficina del Procurador General una queja en contra del licenciado Borges Borges relacionada con urna acción civil en cobro de dinero que ésta supuestamente instó en su contra. La Oficina del Procurador General le notificó a Borges Borges sobre la presentación de dicha queja y le requirió que respondiera a las alegaciones allí expuestas. Al no recibir respuesta después de dos comuni-caciones, el Procurador General nos notificó la situación, por lo que en marzo de 2007 emitimos una Resolución en la que ordenamos a Borges Borges que respondiera a la *786 queja, y le apercibimos de las posibles consecuencias de su incumplimiento.
Transcurrido el término concedido, en junio de 2007 el Procurador General nos informó que Borges Borges aún no había contestado. Ese mismo mes el letrado presentó ante este Tribunal un escrito mediante el cual anunció su repre-sentación legal para este procedimiento disciplinario y so-licitó una prórroga para responder a los requerimientos del Procurador General. Luego de varios trámites, en septiem-bre de 2008 Borges Borges contestó la queja a través de su abogado. Referido este asunto a la atención del Procurador General, dicho funcionario compareció y nos informó que Borges Borges no ha contestado sus requerimientos.
II
Como consecuencia del reiterado incumplimiento de Borges Borges con los diferentes requerimientos de este Tribunal y de la Oficina del Procurador General en los trá-mites antes reseñados, en septiembre de 2008 emitimos una Resolución en la que le concedimos un término final para que contestara todas las quejas pendientes. Asi-mismo, le apercibimos que el incumplimiento con dicha Re-solución conllevaría su suspensión inmediata de la profesión.(3) No hemos recibido respuesta a dicha orden.
No obstante, por instrucciones del Tribunal, en octubre de 2008 la Oficina del Alguacil acudió a la residencia de Borges Borges a diligenciar la referida Resolución, mas no lo encontraron allí. Sin embargo, pudieron hablar con su madre, quien les notificó que éste residía fuera de Puerto Rico desde septiembre de 2007. La señora Borges también les informó que la obra notarial de su hijo se encontraba en *787 la residencia, por lo que los alguaciles la incautaron y en-tregaron a la Oficina de Inspección de Notarías. A pesar de dicha incautación, Borges Borges tampoco ha comparecido ante nos ni ha estado disponible para subsanar las defi-ciencias que la Oficina de Inspección de Notarías encontró en su obra notarial.
Los hechos antes relatados apuntan a una reiterada ac-titud de dejadez e indiferencia por parte de Borges Borges y demuestran que ignora sus deberes como abogado y una actitud intolerable en cuanto a las órdenes de este Tribunal, así como su falta de interés en continuar siendo miem-bro de la profesión.
III
 En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder dili-gentemente a los requerimientos y a las órdenes de este Tribunal, particularmente aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional. Ello, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Por consiguiente, hemos señalado que procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con nuestros requerimientos e ignoran nuestros apercibimientos de sanciones disciplinarias. In re De Jesús Ortiz, 174 D.P.R. Ap. (2008); In re Laborde Freyre I, 154 D.P.R. 112 (2001).
De igual forma, resulta ampliamente conocido que el incumplimiento con los requerimientos de la Oficina del Procurador General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal. In re Lassalle Pérez, 153 D.P.R. 368 (2001). Asimismo, hemos afirmado en múltiples ocasiones que desatender las comunicaciones de la Oficina del Procurador General relacionadas con procedimientos discipli- *788 narios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Véase In re Rodríguez Bigas, supra.
Sin embargo, constantemente nos enfrentamos a un sinnúmero de abogados que incumplen con las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Es por ello que hemos resuelto que esa actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo por parte de un abogado merecen su suspensión indefinida. In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).
Por otra parte, la Regla 9(j) del Reglamento de este Tribunal impone a todo miembro de la profesión legal la obligación de notificar cualquier cambio de dirección —ya sea física o postal— a la Secretaría del Tribunal Supremo. 4 L.P.R.A. Ap. XXI-A. Incumplir con ese deber obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria, por lo que la omisión de un abogado de mantener su dirección al día ante este Tribunal es motivo suficiente para decretar su suspensión indefinida del ejercicio de la profesión. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Velázquez Beveraggi, 166 D.P.R. 624 (2005); In re Sanabria Ortiz, 156 D.P.R. 345, 348 — 349 (2002).
IV
En el caso de autos nos enfrentamos a un abogado que ha incumplido con los requerimientos de este Tribunal y del Procurador General durante el trámite de las múltiples quejas presentadas en su contra. Ello tiene el resultado de impedir que atendamos adecuadamente los méritos de las quejas formuladas contra él. Agrava su situación el hecho *789 de que al 8 de mayo de 2008, día que presentó las contes-taciones a algunas de las quejas (AB-2007-316, AB-2008-22), ya se le había notificado en varias ocasiones sobre la existencia de las quejas AB-2007-30, AB-2007-355 y AB-2007-377. De éstas, la única que contestó fue la AB-2007-30, lo cual hizo a través de su abogado el 5 de septiembre de 2008, pero desde entonces no ha contestado las comuni-caciones del Procurador General. Respecto a las otras dos y a la AB-2008-122 que se presentó después, nada hemos recibido de su parte.
De la exposición anterior es evidente que Borges Borges ha ignorado todas las notificaciones que se le han cursado sobre las quejas presentadas contra él por varias personas que representó en distintos procedimientos. Su dejadez de-muestra que deliberadamente ha desatendido los requeri-mientos que le hemos hecho, y reta la autoridad del Procu-rador General y la de este Tribunal para investigar las quejas presentadas por violación a los cánones de ética profesional. Ello, de por sí, es suficiente razón para suspen-derle indefinidamente del ejercicio de la profesión.(4)
Como si fuera poco, del expediente personal del abogado se deduce que Borges Borges no ha cumplido con lo dis-puesto en la Regla 9(j) del Reglamento de este Tribunal, supra, sobre mantener informado a este Tribunal sobre su dirección física y postal. Por esa razón, nos hemos visto en la obligación de conseguir la dirección del abogado por otras fuentes, y aún así no tenemos certeza de cuál es la correcta. Peor aún, al acudir a la residencia informada en nuestros registros, su madre le informó a los alguaciles de este Tribunal que el abogado residía fuera de Puerto Rico desde septiembre de 2007, sin informarlo a este Tribunal ni proveernos manera de conseguirlo.
*790 No existe razón alguna que justifique que Borges Borges haya desatendido nuestros requerimientos y los del Procurador General, y no haya provisto su dirección co-rrecta a este Tribunal. Su conducta ha obstaculizado nues-tra función disciplinaria y ha evitado que podamos resolver rápida y adecuadamente las reclamaciones y los señala-mientos hechos sobre su función profesional. Evidente-mente, esta conducta refleja un patrón de dejadez e incum-plimiento con sus deberes como abogado que requiere nuestra intervención inmediata.
V
Por los fundamentos antes expuestos, se ordena la sus-pensión inmediata e indefinida de Nelson Borges Borges de la práctica de la abogacía y la notaría. El señor Borges Borges notificará a sus clientes que por motivo de su sus-pensión no puede continuar con su representación legal y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cual-quier sala del Tribunal General de Justicia o foro adminis-trativo en el que tenga algún caso pendiente. Por último, se le apercibe que las quejas que se han presentado en su contra serán reactivadas en caso de que Borges Borges solicite reinstalación y que no se considerará cualquier solicitud hasta tanto éstas se diluciden.

Se dictará sentencia de conformidad.

 Durante el trámite de otro asunto ante este Tribunal para fechas cercanas a las quejas aquí reseñadas, nos percatamos de que la dirección que constaba en el expediente del licenciado Borges Borges no le pertenecía, pues las comunicaciones enviadas a esa dirección nos habían sido devueltas. Por ello, remitimos las comuni- *784 caciones a una dirección distinta que nos proveyó el Colegio de Abogados de Puerto Rico. Las comunicaciones enviadas a esta última dirección no han sido devueltas. Por otro lado, el licenciado Borges Borges ha cursado comunicaciones a este Tribunal en las que obra una tercera dirección que no es ninguna de las antes mencionadas. En los procedimientos de las quejas de epígrafe se han utilizado estas tres direcciones.

 El informe del Procurador General señala que todas las notificaciones se le enviaron a las tres direcciones que obraban en el expediente.

 Cabe señalar que la representación legal del licenciado Borges Borges nos ha advertido que sólo lo representa en el procedimiento de la Queja AB-2007-30. Indicó, además, que como consecuencia de la resolución emitida por este Tribunal en sep-tiembre de 2008, le aconsejó a su cliente que cumpliera con los requerimientos del Tribunal en cuanto a las otras quejas.

 No es la primera vez que nos vemos en la obligación de suspender al licen-ciado Borges Borges por incumplir con sus deberes profesionales e ignorar los reque-rimientos de este Tribunal. En 1995 lo suspendimos indefinidamente por no rendir índices notariales por un término de nueve meses. In re Borges Borges, 138 D.P.R. 981 (1995). Luego de los trámites correspondientes fue reinstalado a la práctica de la profesión en septiembre de 1999.