

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Waldo F. Rodríguez Ortiz | 2009 TSPR 155 <br><br> 177 DPR ____ |

Número del Caso: TS-11,909

Fecha: 21 de julio de 2009

Colegio de Abogados de Puerto Rico:

>   Lcdo. José M. Maldonado Trias
>   Director Ejecutivo
>
>   Lcdo. Israel Pacheco Acevedo
>   Secretario Ejecutivo

Materia: Conducta Profesional
   (Las suspensión será efectiva el 7 de octu  bre de 2009, fecha en que se le notificó al abogado de su suspen   sión inmediata).

Este documento constituye un documento oficial del  Tribunal Supremo que está sujeto a los cambios y correccione  s del proceso de compilación y publicación oficial de las decisio  nes del Tribunal. Su distribución electrónica se hace como  un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Waldo F. Rodríguez Ortiz                TS-11,909

**PER CURIAM**

San Juan, Puerto Rico, a 21 de julio de 2009.

El Colegio de Abogados de Puerto Rico (Colegio de Abogados) comparece ante este Tribunal para solicitar la suspensión del ejercicio de la abogacía del licenciado Waldo F. Rodríguez Ortiz (Lcdo. Rodríguez Ortiz)[1], pues éste no ha pagado la cuota de colegiación. Además, nos solicitó la cancelación de la fianza notarial, ya que el licenciado no ha pagado la prima por concepto de esa fianza.

_____

[1] El Lcdo. Rodríguez Ortiz fue admitido al ejercicio de la abogacía en Puerto Rico el 16 de enero de 1997 y al ejercicio de la notaría el 13 de marzo de 1997.

## I.

El 7 de agosto de 2008, el Colegio de Abogados presentó ante este Foro una petición en la que indicó que el Lcdo. Rodríguez Ortiz no había cumplido con su obligación de pagar la cuota anual correspondiente al 2008, a pesar de que fue informado sobre ello mediante varias comunicaciones escritas que le fueron enviadas.

El 29 de agosto de 2008, emitimos una resolución en la cual le concedimos al abogado un término de veinte (20) días para que mostrara causa por la que no debía ser suspendido de la profesión legal. Además, le apercibimos de que el incumplimiento con nuestras órdenes conllevaría la suspensión automática del ejercicio de la abogacía.[1]

Posteriormente, el 3 de noviembre de 2008, el Colegio de Abogados también nos solicitó la cancelación de la fianza notarial prestada por el Lcdo. Rodríguez Ortiz, pues éste tenía al descubierto el pago por concepto de esa fianza, la cual venció en marzo de 2008. Ante esto, el 20 de noviembre de 2008, le concedimos al licenciado un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. La resolución fue archivada en autos y notificada –mediante correo certificado– al Lcdo. Rodríguez Ortiz el 24 de noviembre de 2008, pero ésta fue devuelta. Posteriormente, el 9 de enero de 2009, notificamos nuevamente la

---

[1] Esta resolución fue archivada en autos y notificada el 4 de septiembre de 2008 a una dirección en Gurabo, Puerto Rico.

resolución, pero también fue devuelta. En la primera ocasión, notificamos la resolución a una dirección en Texas, Estados Unidos[2], y en la segunda ocasión a una dirección en Gurabo, Puerto Rico[3].

En enero de 2009, el Colegio de Abogados nos informó que el Lcdo. Rodríguez Ortiz realizó un pago parcial de su deuda por concepto de cuota de colegiación. Mediante resolución del 17 de marzo de 2009, le concedimos al licenciado un término de diez (10) días para que mostrara causa por la que no debía ser suspendido del ejercicio de la abogacía, ya que no había satisfecho la totalidad del pago de la cuota anual del Colegio de Abogados.[4] El Lcdo. Rodríguez Ortiz también debía mostrar causa por la que no debía ser suspendido del ejercicio de la notaría, pues tenía al descubierto la prima de su fianza notarial y no había cumplido con nuestra resolución del 20 de noviembre de 2008.

Esta resolución del 17 de marzo de 2009 fue notificada (mediante correo certificado) al Lcdo. Rodríguez Ortiz el 19 de marzo de 2009 a una dirección en Texas, Estados Unidos. La notificación fue devuelta porque no fue reclamada; el 22 de abril de 2009 notificamos a una

---

[2] Ésta es la dirección que consta en las dos (2) peticiones presentadas por el Colegio de Abogados de Puerto Rico, una del 7 de agosto de 2008 y la otra del 3 de noviembre de 2008.

[3] Ésta es la dirección que consta en una carta enviada por el Lcdo. Rodríguez Ortiz el 27 de junio de 2000, en la que éste nos informó el cambio de dirección de su oficina notarial.

[4] Específicamente, no satisfizo la suma correspondiente a los gastos incurridos por el Colegio de Abogados en la tramitación del procedimiento de cobro.

dirección en Gurabo, Puerto Rico, pero ésta también fue devuelta por no ser reclamada.

## II.

### A. La obligación del abogado de cumplir con el pago de la cuota anual al Colegio de Abogados de Puerto Rico

Mediante la Ley Núm. 43 de 14 de mayo de 1932, (Ley Núm. 43), 4 L.P.R.A. secs. 771-785, se estableció la organización del Colegio de Abogados de Puerto Rico, ello para agrupar a los profesionales con derecho a ejercer la abogacía ante el Tribunal Supremo de Puerto Rico.[5] El Art. 4 de la Ley Núm. 43, *supra*, 4 L.P.R.A. sec. 775, expone que "serán miembros del Colegio todos los abogados que estén admitidos a postular ante el Tribunal Supremo de Puerto Rico y cumplan los deberes [que esta ley les señala]". Precisamente, uno de los deberes del abogado es cumplir con el pago de la cuota anual al Colegio de Abogados, según dispuesto por el Art. 9 de la Ley Núm. 43, *supra,* 4 L.P.R.A. sec. 780.

Este Tribunal tiene la autoridad para suspender del ejercicio de la profesión legal a un abogado que haya incumplido con su obligación de pagar la cuota anual al Colegio de Abogados. Así lo establecimos en el caso *Colegio de Abogados de P.R. v. Fajardo*, 51 D.P.R. 528 (1937). También hemos resuelto que el incumplimiento con esta obligación demuestra una total indiferencia hacia las

---

[5] Art. 1 de la Ley Núm. 43, *supra*, 4 L.P.R.A. sec. 771.

obligaciones mínimas de la profesión legal y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía.[6]

B. **La obligación del abogado notario de cumplir con el pago de la fianza notarial**

Por su parte, el Art. 7 de la Ley Notarial de Puerto Rico[7] establece que para practicar la notaría en la Isla hay que prestar y tener vigente una fianza por una cantidad no menor de $15,000 para responder del buen desempeño de las funciones del cargo y de los daños y perjuicios que cause el notario en el ejercicio de sus funciones. Además, las Reglas 9 y 10 del Reglamento Notarial de Puerto Rico regulan lo concerniente a la fianza notarial.

En *In re Ribas Dominicci* I, 131 D.P.R. 491, 499 (1992), señalamos que un notario que no cuenta con la protección que ofrece la fianza constituye un peligro, pero no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que a diario utilizan sus servicios en Puerto Rico.[8] En esa ocasión, añadimos que el no hacer gestiones para renovar la fianza notarial constituye una falta de respeto a este Foro.

---

[6] Véanse *In re Rosado Rivera*, res. el 31 de octubre de 2008, 175 D.P.R. ____ (2008), 2008 T.S.P.R. 190; *In re Giráldez Iñesta*, 173 D.P.R. ____ (2008), 2008 T.S.P.R. 44; *In re Col. Abogados P.R. v. Pérez Padilla*, 135 D.P.R. 94 (1994).

[7] Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. sec. 2011.

[8] Véase, además, *In re González Maldonado*, 152 D.P.R. 871, 920 (2000).

El incumplimiento con la obligación de pagar las primas de la fianza notarial ha requerido la intervención disciplinaria de este Tribunal en múltiples ocasiones.[9] Como parte del poder inherente de este Foro para reglamentar la profesión legal en Puerto Rico, en el pasado hemos separado del ejercicio de la abogacía y de la notaría a múltiples abogados que "se cruzan de brazos ante los requerimientos de este Tribunal para que comparezcan a explicar por qué no han renovado su fianza notarial".[10]

Reiteramos que este Foro será estricto con los abogados notarios que luego de ser notificados de su deficiencia en la fianza notarial, hacen caso omiso a nuestras resoluciones. No podemos tolerar esa actitud de desidia por parte de los miembros de la profesión legal.[11]

### C. <u>La obligación del abogado de notificar cualquier cambio de dirección postal o física</u>

Conforme a la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico[12], cada abogado tiene la obligación de notificar cualquier cambio de dirección postal o física. En el caso de los abogados notarios, éstos deberán notificar cualquier cambio en la localización de su oficina notarial.

---

[9] *In re Ribas Dominicci* I, *supra*, pág. 498. Véase, también, *In re Montalvo Cruz*, 118 D.P.R. 104 (1986).

[10] *In re Ribas Dominicci* I, *supra*, pág. 498.

[11] *In re Vergne Torres*, 134 D.P.R. 635, 636 (1993); *In re Ribas Dominicci* I, *supra*, pág. 499.

[12] 4 L.P.R.A. Ap. XXI-A, R. 9(j).

Específicamente, el Art. 7 de la Ley Notarial de Puerto Rico, *supra*, establece que todo abogado notario deberá notificar cualquier cambio de residencia o de oficina notarial al Secretario del Tribunal Supremo de Puerto Rico, ello dentro de los cinco (5) días siguientes de ocurrido el cambio. Además, de acuerdo con la Regla 11 del Reglamento Notarial de Puerto Rico, el abogado notario también deberá notificar cualquier cambio al Director de la Oficina de Inspección de Notarías.

En *In re Santiago Rodríguez*, 160 D.P.R. 245, 257 (2003), señalamos que la omisión de un abogado o notario de suplir a este Foro su dirección postal o física es causa para suspenderlo del ejercicio de la abogacía sin necesidad de trámites ulteriores. Esto debido a que esa omisión de mantener informado a este Tribunal obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria, por lo que ese incumplimiento es suficiente para decretar la separación indefinida de la abogacía.[13]

### D. La obligación del abogado de responder a los requerimientos y a las órdenes de este Tribunal

Uno de los compromisos que asume cada abogado que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar la profesión legal en Puerto Rico. En múltiples instancias hemos expresado que todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y a las

---

[13] Véase *In re Velázquez Beveraggi*, 166 D.P.R. 624, 628 (2006).

órdenes emitidas por este Foro, muy en particular cuando se trata de procedimientos relacionados con su conducta profesional. Por todo lo cual, un abogado se expone a la suspensión del ejercicio de la abogacía cuando no atiende con diligencia nuestros requerimientos y, además, se muestra indiferente ante los apercibimientos de imponerle sanciones disciplinarias.[14]

### III.

En el caso ante nuestra consideración, emitimos varias resoluciones mediante las cuales le concedimos al Lcdo. Rodríguez Ortiz la oportunidad de que mostrara causa por la que no debíamos suspenderle del ejercicio de la abogacía y la notaría. Específicamente, nuestras resoluciones fueron del 29 de agosto de 2008, 20 de noviembre de 2008 y 17 de marzo de 2009. En todas nuestras órdenes se le apercibió al abogado de que su incumplimiento con éstas conllevaría severas sanciones disciplinarias.

El incumplimiento con el pago total de la cuota anual del Colegio de Abogados de Puerto Rico, la inobservancia en cuanto a la renovación diligente de la fianza notarial, la actitud de indiferencia ante la obligación de notificar a este Tribunal sobre cualquier cambio de dirección física o postal, pero sobre todo el total menosprecio al cumplimiento con las órdenes de este Foro, nos llevan al

---

[14] Véanse *In re Betancourt*, res. el 7 de mayo de 2008, 173 D.P.R. ____ (2008), 2008 T.S.P.R. 99; *In re Géigel Ginorio*, res. el 13 de mayo de 2008, 174 D.P.R. ____ (2008), 2008 T.S.P.R. 80; *In re Colón Román*, 167 D.P.R. 732 (2006).

inescapable camino de decretar la suspensión inmediata e indefinida del licenciado Waldo F. Rodríguez Ortiz del ejercicio de la abogacía y la notaría.

Se le impone al Lcdo. Rodríguez Ortiz el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, ello dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Lcdo. Rodríguez Ortiz, y deberá entregarlos a la Directora de la Oficina de Inspección de Notarías (O.D.I.N.) para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Waldo F. Rodríguez Ortiz        TS-11,909

**SENTENCIA**

San Juan, Puerto Rico, a 21 de julio de 2009.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia mediante la cual decretamos la suspensión inmediata e indefinida del licenciado Waldo F. Rodríguez Ortiz del ejercicio de la abogacía y la notaría.

Se le impone al Lcdo. Rodríguez Ortiz el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, ello dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Lcdo. Rodríguez Ortiz, y deberá entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo